1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE DISTRICT OF ARIZONA

8
9    ERIC GENE DAVIS,                    )
                                          )
10              Plaintiff,               )
                                          )    CIV 05-04074 PHX JAT MEA
11              vs.                       )
                                          )    REPORT AND RECOMMENDATION
12   JOSEPH ARPAIO,                       )         FOR DISMISSAL
                                          )        WITHOUT PREJUDICE
13              Defendant.               )
     _____)
14
     TO THE HONORABLE JAMES A. TEILBORG:
15
                Plaintiff filed his complaint on December 13, 2005.
16
     On April 5, 2006, the Court ordered Plaintiff to complete and
17
     return a service packet for Defendant to the Court by April 25,
18
     2006.  That order warned Plaintiff that his failure to timely
19
     comply with the provisions of the order would result in the
20
     dismissal of the complaint pursuant to Rule 41(b), Federal Rules
21
     of Civil Procedure.  The civil docket in this matter indicates
22
     that Plaintiff never returned a service packet for Defendant to
23
     the Court.
24
                Plaintiff was warned that his failure to acquire a
25
     waiver of service from Defendant or to complete service of
26
     process on Defendant within 60 days of the date that the service
27
     order was issued, by June 5, 2006, would result in the dismissal
28
     of the complaint pursuant to Rule 4(m), Federal Rules of Civil

Procedure, and Rule 16.2(b)(2)(B), of the United States District Court for the District of Arizona Local Rules of Civil Procedure.   The civil docket in this matter indicates that Plaintiff has failed to acquire a waiver of service from Defendant or to complete service of process on Defendant.

On June 13, 2006, the Court allowed Plaintiff until July 14, 2006, to show cause why this case should not be dismissed for Plaintiff's failure to comply with the Court's order of April 5, 2006, and Plaintiff's failure to effect service of process on Defendant as required by the Court's order of April 5, 2006, and Rule 4, Federal Rules of Civil Procedure. Plaintiff has failed to show cause for his failure to abide by the Court's orders and to effect service of process on Defendant.   The Order to Show Cause sent to Plaintiff at his last known address was not returned as undeliverable; Plaintiff did receive notice of the Court's intent to dismiss this matter. Plaintiff has failed to show cause for his failure to abide by the Court's orders and to effect service of process on Defendant.

**THEREFORE**, **IT IS RECOMMENDED that** this case be dismissed for Plaintiff's failure to serve the Defendant in this matter.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.   Thereafter, the parties have ten (10) days within which to file a response to the objections.   Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).   Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 31st day of October, 2006.

_____
Mark E. Aspey
United States Magistrate Judge